IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JAN D'ESOPO<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>TERESINA RICHARDSON, FELIPE HUESO AND THE COMMUNITY PROPERTY<br><br>　　　　　Defendants. | CIVIL NO. 3:24CV01038(CVR) |

ANSWER TO THE AMENDED COMPLAINT AND COUNTERCLAIM

TO THE HONORABLE COURT:

COMES NOW TERESINA RICHARDSON AND FELIPE HUESO ("RICHARDSON"), by and through their undersigned counsel, and very respectfully answer the complaint as follows:

## I.　　JURISDICTION

1.　　Averments in the jurisdictional paragraph 1 of the Amended Complaint at Dkt 38 ("Amended Complaint") are denied. This Honorable Court lacks jurisdiction as to any and all claims because the inclusion of the Gallery Inn, Inc. has the effect of making The Cannon Club, LLC an indispensable party whose inclusion destroys the diversity jurisdiction in this case. Alternatively, based on the same circumstances and given that The Gallery Inn is part of a Puerto Rico Court of First Instance case The Cannon Club, LLC v. D'Esopo and others, SJ2024CV02446 filed on March 14, 2024, the Colorado doctrine abstentions is herein applicable.

## II.　　THE PARTIES

**CIVIL NO. 24CV01038(CVR).**     Answer to Amended Complaint and Counterclaim    Page **2** of **14**

2. Averments in paragraphs 2 and 3 of the Amended Complaint are admitted, with the clarification that the plaintiff's full legal name is Janet D'Esopo McGowan Similarly, we clarify that, upon information and belief, The Gallery Inn is one of the corporations wholly owned by the plaintiff.

### III.    FACTUAL ALLEGATIONS

3. Averments in paragraph 4 of the first Sentence of Amended Complaint are admitted. Averments in sentence two of that paragraph are denied. Averments in the third sentence of said paragraph are admitted and these answering defendants affirmatively allege that said clause did not explicitly state a specific date for payment of the $300,000 principal balance.

4. Averments in paragraph 5 of the Amended Complaint are denied.

5. Averments in the first sentence of paragraph 6 of the Amended Complaint are denied. The appearing defendants further allege that this denial is based on the fact that the language regarding the purchase for $640,000.000 states that said purchase was made by plaintiff D'Esopo and a person who is not a party to this case. Averments in the second sentence of paragraph 6 of the Amended Complaint are denied because of lack of knowledge or sufficient information to form a belief as its truth. Furthermore, allegations contrary to the clear text of the Deed included as Exhibit 1 are denied. The document speaks for itself and, as any other Public Instrument executed before a Notary Public, is presumed correct and valid, as the notary's certifications are attestations of truth, under penalty of disbarment of the authorizing Notary. Defendants affirmatively alleged that the contents of the Deed are *prima facie* evidence and represent the knowledge and intent of the

parties to said Deed. Those attestations in the Deed, in that sense, are a depiction of the intent, correctness, and legality of the transaction; they are a snapshot of the transaction and the state of the property at the exact moment of sale.

6.     Averments in paragraph 7 of the Amended Complaint are denied. The responding defendants have no information, knowledge, or belief to admit or deny this vague, ambiguous, overbroad, and unintelligible allegation. Furthermore, nothing in that allegation reflects a proper disinheritance in accordance with the Laws of Puerto Rico.

7.     As to Averments in the first sentence of paragraph 8 of the Amended Complaint, the appearing defendants are unable to admit or deny because there is no specificity with respect to which plaintiff was party to the transaction mentioned in the allegation. Furthermore, these responding defendants consider the term "celebrated an asset purchase agreement" to be vague and ambiguous. These answering defendants allege that they entered into an asset purchase agreement with Plaintiff D'Esopo on November 21, 2022 to acquire the membership and assets of The Cannon Club, LLC.

8.     With respect to paragraph (III)(8), second sentence of the Amended Complaint, defendants admit the allegations therein. With respect to the third sentence of paragraph (III)(8) defendants deny the allegations therein because it is compound, vague and argumentative. However, these answering defendants alleged that the purchase price for the membership and assets of The Cannon Club, LLC, was for $75,000.00 and that said price was fair and reasonable. It is important to clarify that this contract establishes a series of clauses that make the defendants

owners not only of the assets **but also of the liabilities**, with all the associated risks, responsibilities, and burdens. The allegation of price simulation does not consider the determining factors that resulted in the consideration of The Cannon Club's value as reflected therein. Thus, it is worth noting that the existence of the contract is *prima facie* evidence of its correctness. If the plaintiff intends to challenge the validity of the sales contract of the Cannon Club, the Cannon Club must be incorporated into the lawsuit due to its compelling interest in ensuring the validity of its operations, contracts, transactions, and tax obligations incurred in the course of its business since the signing of the aforementioned contract.

9. Averments in paragraph 9 of the Complaint are denied.

10. Averments in paragraph 10 of the Complaint are denied. There was no donation by Ms D'Esopo. She sold to the appearing parties 1 of 6 buildings that she still owns and a restaurant business (The Cannon Club, LLC) that was going under. More important, Ms. Richardson, Mr. Hueso and their offspring have always taken care of Ms. D'Esopo and, far from impoverishing her, they have helped her to make the business more profitable, less sacrificial relieving her of the economic stresses and risks it posed at the time. Averments in paragraph 11 of the Complaint are denied. It is affirmatively alleged that, despite having respected Defendant's position during year 2023, Ms. D'Esopo's actions beginning on early 2024 have become erratic, strange and have interfered with defendant's and defendant's lessees right of possession of the property. It is affirmatively alleged that there is no electricity, gas or phone and internet service in the name of The

Gallery Inn, being this very allegation a testimony to the plaintiff's anomalous conduct.

### IV.   FIRST CAUSE OF ACTION

11.   With respect to paragraph (IV)(12) sentence one, these answering defendants are unable to admit or deny the allegations therein because they are vague, ambiguous, and unintelligible. However, these answering defendants allege that under the agreements that are subject to this case, they incurred a duty to pay $400,000.00 for the real property located at 215 Calle San Sebastian in Old San Juan, Puerto Rico and $75,000.00 for the Cannon Club, LLC. The answering defendants affirmatively allege that to date they have paid $166,500.00 and the principal balance is $308,500.00 as of April 2024. Moreover, between November 2022 and January 2024, plaintiff D'Esopo demanded and received additional consideration in the form of cash advances, food and beverage from the Cannon Club and other consideration that has yet to be credited towards the principal balance.  It is further alleged that the year after plaintiff entered in a Mutual Lease Agreement through The Gallery Inn and Trini, Inc -both companies she solely and completely owns- attesting to the fact that the defendants are the rightful owners of both said real property and the Cannon Club, again confirming the correctness, veracity and legality of both transactions.

12.   With respect to paragraph (IV)(12) sentence two, these answering defendants are unable to admit or deny the allegations therein because they are vague and ambiguous. However, these answering defendants allege to date they have paid $166,500.00 to Plaintiff D'Esopo and additional consideration in the

form of cash advances, food and beverage from the Cannon Club and other consideration that has yet to be credited towards the principal balance.

13. With respect to paragraph (IV)(12) sentence three, these answering defendants are unable to admit or deny the allegations therein because they are vague, ambiguous, overbroad, and an incomplete recitation of "Article 1255 of the Puerto Rico Civil Code of 2020." Therefore, this allegation is denied.

14. With respect to paragraph (IV)(12) sentences four and five, these answering defendants are unable to admit or deny the allegations therein because they are vague, ambiguous, overbroad, argumentative, incomplete recitation of "Article 1070 of the Code of 2020" and not a factual allegation that is relevant to this case or this cause of action. Therefore, these answering defendants deny the allegations therein.

## V.   SECOND CAUSE OF ACTION

15. With respect to paragraph (V)(13) sentence one, these answering defendants are unable to admit or deny the allegations therein because they are vague, ambiguous, overbroad, unintelligible and an incomplete recitation of "Article 1306 of the Code." Therefore, this allegation is denied.

16. With respect to paragraph (V)(13) sentence two, these answering defendants are unable to admit or deny the allegations therein because they are vague, ambiguous, overbroad, unintelligible and an incomplete recitation of "Article 1320 of the Code." Therefore, this allegation is denied.

17. With respect to paragraph (V)(13) sentence three, defendants deny the allegations therein.

18. With respect to paragraph V.13 sentences four and five, these answering defendants are unable to admit or deny the allegations therein because they are vague, ambiguous, overbroad, unintelligible and an incomplete recitation of "Article 1322 of the Code." Therefore, this allegation is denied. It is further alleged that a judicial determination revoking a donation implies that such revocation is retroactive in nature making the Cannon Club a necessary and indispensable party. See Art. 340 of the Puerto Rico Civil Code. See also, Rule 19 of Federal Civil Procedure. Thus, the effect on the business, warranties, operations, suppliers, and agreements that Cannon Club has entered together with the Richardsons - throughout all the years they have acted as owners and guarantors- jeopardizes the entirety of Cannon Club's business. A judicial process of this nature, in which Cannon Club cannot appear to defend its rights and obligations, would leave it completely unprotected. Likewise, this Honorable Court's determination of ownership will also impact the validity of the Operating Agreement. In addition to - as previously stated - being a crucial aspect for Cannon Club to determine how it should or should have operated, it also affects the tax election of that entity. This is because LLCs "shall be subject to taxation in the same manner as corporations[,] [but] the company may elect to be treated as a partnership for tax purposes, under the rules applicable to partnerships and partners, even if they are single-member companies". See, Diaz-Olivo, *Corporaciones*, supra, p. 589. See also, Puerto Rico Internal Revenue Code, Sec. 1010.01(a)(3), P.R. LAWS ANN. Tit. 13 sec. 30041. In a retroactive revocation determination, there is a serious possibility that Cannon Club has been unlawfully taxed for past years.

## VI.  THIRD CAUSE OF ACTION

19. With respect to paragraph (VI)(14) sentence one, these answering defendants are unable to admit or deny the allegations therein because they are vague, ambiguous, overbroad, unintelligible and an incomplete recitation of "Article 1158 of the Code." Therefore, this allegation is denied.

20. With respect to paragraph (VI)(14) sentence two, these answering defendants are unable to admit or deny the allegations therein because they are vague, ambiguous, overbroad, unintelligible, and compound. Therefore, this allegation is denied. However, these answering defendants admit that they are in possession of 215 Calle San Sebastian in Old San Juan, Puerto Rico and that they operate the Cannon Club, LLC for their profit.

21. With respect to paragraph (VI)(14) sentences three and four, these answering defendants are unable to admit or deny the allegations therein because they are vague, ambiguous, overbroad, unintelligible, compound and an incomplete recitation of "Articles 1167-1169 of the Code." Therefore, these allegations are denied.

22. With respect to paragraph (VI)(15) sentences one and two, these answering defendants are unable to admit or deny the allegations therein because they are vague, ambiguous, overbroad, unintelligible, compound and an incomplete recitation of the cited case law therein. Therefore, these allegations are denied.

23. With respect to paragraph (VI)(15) sentence three, these answering defendants deny the allegations therein.

24. With respect to paragraph (VI)(16), these answering defendants are unable to admit or deny the allegations therein because they are vague, ambiguous, overbroad, unintelligible, and compound. Therefore, this allegation is denied.

## VII.   FOURTH CASUE OF ACTION

25. With respect to paragraph (VII)(17) sentence one, these answering defendants are unable to admit or deny the allegations therein because they are vague, ambiguous, overbroad, unintelligible, and compound. Therefore, this allegation is denied.

26. With respect to paragraph (VII)(17) sentence two, these answering defendants are unable to admit or deny the allegations therein because they are vague, ambiguous, overbroad, unintelligible, and compound. Therefore, this allegation is denied.

27. With respect to paragraph (VII)(17) sentence three, these answering defendants are unable to admit or deny the allegations therein because they are vague, ambiguous, overbroad, unintelligible, and compound. Therefore, this allegation is denied.

28. With respect to paragraph (VII)(18) these answering defendants are unable to admit or deny the allegations therein because they are vague, ambiguous, overbroad, unintelligible, and compound. Therefore, this allegation is denied.

## VIII.   AFFIRMATIVE DEFENSES

1. Lack of subject matter jurisdiction.
2. Lack of complete diversity jurisdiction.
3. Alternatively, applicability of the Colorado River abstention doctrine.

4. Lack of indispensable party with regards to the Cannon Club and Trini, Inc.

5. This case presents a Family Law controversy which should not be decided in Federal Court, but in a Puerto Rico Court according to the Domestic Relation Exception.

6. The complaint fails to state a claim upon which relief may be granted.

7. Ms. D'Esopo entered into multiple contractual obligations, personally and through legal entities of their own, in order to properly ease plaintiff's burden and facilitating a transition that would provide continuity and good management to the business known as The Cannon Club. It is further affirmatively alleged that, despite having been consistent with these agreements during year 2023, Ms. D'Esopo's actions beginning on early 2024 have become erratic, strange and constitute a unilateral withdrawal of the whole transaction by her accepted and respected concerning the Deed of Purchase and another two agreements entered into by the parties concerning The Canon Club, LLC, The Gallery INN, Inc. and Trini, Inc., the last two corporations fully owned by Ms. D'Esopo.

8. One of these contracts is the Mutual Lease Agreement, in which the plaintiff appeared representing two companies of which she is the sole owner and exchanged properties for lease with the Cannon Club and the defendants. The plaintiff has breached this contract by disturbing the peaceful possession of both the Cannon Club and the defendants. This constitutes a contractual violation that has caused damages to the defendants personally, as owners of the Cannon Club, and to the Cannon Club as an independent entity.

9. All actions alleged by Plaintiff, do not constitute acts of abuse or grievous by words that may give proper basis to disinherit a future heir under Puerto Rico law.

10. *Exceptio Non Adimpleti Contractus.*

11. Estoppel.

12. Illegality.

13. Payment.

14. Release.

15. Waiver.

16. Defendants reserved the right to amend these affirmative defenses during and after the discovery proceedings in this case are completed.

## COUNTERCLAIM

### FIRST CAUSE OF ACTION: BREACH OF CONTRACTS

(Alternatively applicable should there be jurisdiction by this Court)

1. During year 2022 and at her request, Ms. D'Esopo entered into multiple contractual obligations with the Defendants, personally and through legal entities of her own, in order to properly ease her burden and facilitating a transition that would provide continuity and good management to the business known as The Cannon Club.

2. Despite having been consistent with these agreements during year 2023, Ms. D' Esopo's actions beginning on early 2024 have become erratic, strange and constitute a unilateral withdrawal of the whole transaction by her accepted and respected concerning the Deed of Purchase and another two agreements entered

into by the parties concerning The Canon Club, LLC, The Gallery Inn, Inc. and Trini, Inc., the last two corporations fully owned by Ms. D'Esopo.

3. The actions by Ms. D'Esopo, by herself and through The Gallery Inn, Inc. and Trini, Inc., constitute a breach of contracts that have caused and continue causing damages to the Defendants in the approximate amount of $200,000.00.

4. Said damages include illegal occupation of areas that were in effect leased by the Gallery Inn to The Canon Club, LLC and are still occupied by the Gallery Inn, in effect forcing a limited operation and affecting the final profits perceived by the Defendants from said operation.

## SECOND CAUSE OF ACTION: DAMAGES

5. Furthermore, the plaintiff has appropriated funds belonging to the Cannon Club, has misrepresented herself as the owner of the Cannon Club, has cancelled accounts with Cannon Club suppliers claiming that the entity would not pay them, has damaged the reputation and affected the employer-employee relationships of the defendants by gathering Cannon Club employees during working hours and telling them their property has been stolen by the defendants, and has prohibited work to be done at the defendants' company. This has caused damages not only to the Cannon Club as an entity but also to the defendants as its owners. Similarly, after confirming the legality and correctness of the defendants' ownership of the Cannon Club and the property where it is located through the Mutual Lease Agreement, plaintiff has violated the Purchase Agreement of the Cannon Club with the defendants.

6. As stated before, the plaintiff has breached the Mutual Lease Agreement contract by disturbing the peaceful possession of both the Cannon Club and the defendants. This constitutes a contractual violation that has caused damages to the defendants personally, as owners of the Cannon Club, and to the Cannon Club as an independent entity.

7. The effect of plaintiffs acts on the business, warranties, operations, suppliers, and agreements that Cannon Club have jeopardized the entirety of Cannon Club's business, and its profitability to the defendants as a result provoking irreparable damage.

8. Based on all the above, a case of this nature which Cannon Club cannot appear to defend its rights and obligations, would leave it completely unprotected. A determination of its ownership will also impact the validity of the Operating Agreement and would pose a threat personal responsibility for the defendants in relation to all business carried out in favor of the Cannon Club.

9. More important, Ms. D'Esopo's actions have caused heavy emotional damages and mental anguish, particularly to defendant Richardson, as all agreements between the parties were motivated by Ms. D'Esopo and she has now weaponized them to, not only economically affect Defendants, but to endanger and incorrectly mischaracterize what until now has been a solid family relationship.

**WHEREFORE**, it is respectfully requested from this Honorable Court to deny and dismiss the complaint, after the due process of law has been complied with. It is further

**CIVIL NO. 24CV01038(CVR).**     Answer to Amended Complaint and Counterclaim Page **14** of **14**

requested for the Honorable Court grant the Counterclaim imposing on damages amounting $200,000.00 to the Plaintiff and all costs and expenses in this case.

**RESPECTFULLY SUBMITTED**.

I hereby certify that on this date this Answer to complaint and Counterclaim will be filed using the CM/ECF system, which will send notice of its filing to all the attorneys of record.

In San Juan, Puerto Rico, this 21st day of June, 2024.

                                               INVENIO LAW
                                               Attorneys for Defendants
                                               PO Box 9021829
                                               San Juan PR 00902-1829
                               Tel.    787-724-8117/787-725-8748

                                         s/ Juan J. Hernández López de Victoria
                                               USDC 210713
                                               jjhernandez@inveniolawpr.com